UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALFONSO MURRIE,
Plaintiff,
v.
COLUMBIA DEBT RECOVERY LLC,
Defendant.

Case No. 26-cv-06725-HSG

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. No. 12

Pending before the Court is Defendant Columbia Debt Recovery LLC's motion to dismiss. Dkt. No. 12. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS** the motion.

## I. BACKGROUND

Pro se Plaintiff Alfonso Murrie alleges that Defendant, a third-party debt collector, violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*., by impermissibly requesting and obtaining Plaintiff's consumer report. *See* Dkt. No. 1 ("Compl."). Specifically, Plaintiff contends that he moved out of an apartment in April 2024, and due to a discrepancy with the leasing office, he was mistakenly charged prorated rent for ten additional days, and the leasing office retained his deposit. *See id.* at ¶ 12. Eventually, the management company corrected the mistake, returned Plaintiff's deposit, and waived the mistaken balance. *See id.* at ¶ 13. Nevertheless, Plaintiff alleges that on October 7, 2024, Defendant obtained his credit report, which included the erroneous debt to the apartment complex, from Trans Union LLC, and emailed Plaintiff on October 9, 2024, attempting to collect $448. *See id.* at ¶¶ 14–15. Plaintiff states that in response he disputed the debt, "and Defendant removed the account from Plaintiff's consumer

United States District Court
Northern District of California

report." *Id.* at ¶ 16. Based on these allegations, Plaintiff argues that Defendant lacked authorization or a permissible reason under the FCRA to access his credit report. *See id.* at ¶¶ 4, 11–19; *see also* 15 U.S.C. § 1681b(f). Defendant moves to dismiss the complaint. Dkt. No. 12.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

Additionally, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted). However, even a "liberal interpretation of a . . . complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

//

//

## III. DISCUSSION

Defendant argues that the complaint should be dismissed because Plaintiff fails to plausibly allege that (1) Defendant lacked a permissible purpose under the FCRA to access his credit report; (2) Defendant was willful or negligent; and (3) Plaintiff suffered any actual damages. *See* Dkt. No. 12.

### A. Permissible Purpose

In its motion to dismiss, Defendant urges that it had a permissible purpose to access Plaintiff's credit report because it was collecting on the alleged debt owed to the apartment complex. *See* Dkt. No. 12 at 3–4. Defendant appears to suggest that because Plaintiff entered into a leasing agreement with the apartment complex, Defendant had the right to review and collect on that account. *See id.* at 4. Even assuming that Defendant had the authority to collect on behalf of the apartment complex (a fact not alleged in the complaint), Defendant does not meaningfully grapple with Plaintiff's allegations that the debt that Defendant attempted to collect did not actually exist and was the result of an error by the apartment complex itself.

As relevant here, § 1681b(a)(3)(A) permits a person to obtain a consumer report "in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer . . . ." 15 U.S.C. § 1681b(a)(3)(A). In his complaint, Plaintiff alleges that attempting to collect the mistaken debt was not a permissible purpose under § 1681b. Plaintiff repeatedly notes that the alleged debt to the apartment complex was the result of a "mistake" by the leasing office, "and there actually never was a legitimate debt." Compl. at ¶¶ 14–15. Accordingly, Plaintiff contends that there was no "credit transaction involving the consumer . . . and involving the . . . collection of an account of[] the consumer."

The Ninth Circuit has explained that "a person is 'involved' in a credit transaction for purposes of § 1681b(a)(3)(A) where []he is 'draw[n] in as a participant' in the transaction, but not where []he is 'oblige[d] to become associated' with the transaction." *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 675 (9th Cir. 2010). For example, in *Pintos*, the plaintiff's vehicle was towed, the towing company obtained a lien on the vehicle for towing and impound costs, and the

company eventually asserted a deficiency claim against the plaintiff when the sale price of the vehicle did not cover the amount owed. *See id.* at 673. The towing company transferred the deficiency claim to a collection agency, which obtained the plaintiff's credit report as part of its collection efforts. *Id.* The Ninth Circuit concluded that the plaintiff had not initiated the transaction for purposes of § 1631b because although she had owned the car that was towed, she had no prior contact with the towing company or the collection agency and did not ask for her car to be towed. *See id.* at 675–76. Here too, Plaintiff contends that he was not involved in the credit transaction underlying the mistaken debt since he never owed additional rent, and the apartment complex's error "obliged [him] to become associated" with it. *Pintos*, 605 F.3d at 674–75. Defendant may disagree with Plaintiff's allegations, but the Court may not resolve such factual disputes at the motion to dismiss stage. Plaintiff has stated enough at this stage to plausibly allege that Defendant lacked a permissible purpose to access his credit report given the nature of the mistaken charge. *See Patterson v. Wells Fargo & Co.*, No. 24-7439, 2026 WL 1382199, at *1–2 (9th Cir. May 18, 2026).[1]

**B. Damages**

Under the FCRA, a consumer may recover statutory and punitive damages for willful violations and compensatory damages for negligent violations. *See* 15 U.S.C. §§ 1681n, 1681o. Here, Defendant argues that there are no allegations that it acted willfully or negligently in accessing Plaintiff's credit report. *See* Dkt. No. 12 at 6. Rather, the complaint simply states that "Defendant's violation of the FCRA was willful, giving rise to liability under [the statute]." *See* Compl. at ¶ 27. The Court agrees that Plaintiff's single, conclusory allegation is not enough. Plaintiff does not, for example, plead any facts about Defendant's knowledge that the apartment complex debt had been a mistake and had been previously resolved or the due diligence it should have done.

Similarly, Plaintiff provides little factual detail regarding the actual damages he allegedly suffered. The complaint states that "Plaintiff has suffered damages in the form of: a major breach

---

[1] As an unpublished Ninth Circuit decision, *Patterson* is not precedent, but may be considered for its persuasive value. *See* Fed. R. App. P. 32.1; CTA9 Rule 36-3.

United States District Court
Northern District of California

of privacy (intrusion upon seclusion), confusion, stress, loss of time and money by postage, and helplessness." *See id.* at ¶¶ 19, 26. Again, this is not enough. However, Plaintiff has indicated that he could and will plead additional factual allegations if given the opportunity to do so.[2] *See* Dkt. No. 13 at 11.

## IV. CONCLUSION

The Court **GRANTS** the motion to dismiss. Dkt. No. 12. The Court cannot say at this stage that amending the complaint would be futile. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("[A] pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("[A] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quotations omitted). Plaintiff may therefore file an amended complaint by October 5, 2026. The Court **VACATES** the September 29, 2026, case management conference, and will reset a case management conference as needed to move this case forward efficiently after Plaintiff has amended the complaint.

Plaintiff is encouraged to seek assistance at the Legal Help Center, which provides free information and limited-scope legal assistance to pro se litigants. More information about the Legal Help Center is provided at http://www.cand.uscourts.gov/legal-help. Appointments may be scheduled either over the phone at (415) 782-8982 or by email at federalprobonoproject@sfbar.org.

**IT IS SO ORDERED.**

Dated: 9/3/2026

Haywood S. Gilliam, Jr.

HAYWOOD S. GILLIAM, JR.
United States District Judge

[2] Defendant also points out that the "Prayer for Relief" improperly references the Fair Debt Collection Practices Act ("FDCPA"). *See* Dkt. No. 12 at 7. Plaintiff acknowledges that the reference to the FDCPA was inadvertent, and that he can correct it to include just those remedies available under the FCRA. *See* Dkt. No. 13 at 10–11.